IN RE NATIONWIDE INSURANCE
COMPANY OF AMERICA, et
al., Relators

No. 15–0328

Supreme Court of Texas.

Argued February 10, 2016

Opinion delivered: June 24, 2016

James Hatchitt, Randy Howry, Howry, Breen & Herman, L.L.P., Austin, for Real Party in Interest Brian Besch.

Ron K. Eudy, Austin, for Real Party in Interest Bradley Carducci.

Jeff D. Otto, Sean Michael Crowley, Wade Caven Crosnoe, Thomposon Coe Cousins & Irons, L.L.P., Austin, Quintin F. Lindsmith, Victoria A. Flinn, Bricker & Eckler, LLP, Columbus, OH, for Relators.

Justice Devine delivered the opinion of the Court, in which Chief Justice Hecht, Justice Green, Justice Johnson, Justice Willett, Justice Lehrmann, and Justice Boyd joined.

In this original proceeding, we consider whether the trial court abused its discretion by denying a motion to dismiss premised on a contractual forum-selection clause. The clause designated Franklin County, Ohio, as the place to settle disputes arising from the agreement, but suit was instead filed in Texas. Because the party who initiated the Texas litigation failed to establish the mandatory forum-selection clause was waived or otherwise unenforceable, we conclude that the trial court abused its discretion by not enforcing it. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to enforce the parties' forum-selection clause.

I

Brian Besch formerly worked with Nationwide Insurance Company as an independent agent. After the relationship ended, he sued several Nationwide affili-

ates[1] for breach of contract, fraud, and occupational disparagement. Besch's allegations centered on his contract with Nationwide—the Replacement Agency Executive Program Performance Agreement (the RAE Agreement)—which Besch claims Nationwide breached. The merits of that dispute, however, are not the issue in this original proceeding. The only issue here is whether Nationwide can enforce the RAE Agreement's forum-selection clause. Found in section 40 of the RAE Agreement, that clause identifies Franklin County, Ohio, as the proper forum for a dispute concerning the RAE Program:

40. Governing Law

It is hereby agreed by the parties that this Agreement shall be governed by the laws of the State of Ohio ... and that any action or proceeding arising from a dispute concerning the RAE Program shall be brought in Franklin County, Ohio.

Nationwide is an Ohio corporation, headquartered in Columbus, Franklin County, Ohio.

Notwithstanding section 40's designation of an Ohio forum, Besch filed the underlying lawsuit in Travis County, Texas. The suit was filed on December 26, 2012, and at its outset an attorney for Nationwide indicated that his client would seek to enforce the forum-selection clause. Nationwide, however, did not promptly move to dismiss the Texas proceeding. Instead, it waited until January 2015, making the motion only after changing counsel in the case. Nationwide's new attorney does not attempt to explain the two-year delay.

One of Besch's attorneys suggests, however, that a statement he made shortly after Nationwide answered the Texas suit may have been a factor. The deadline for that answer had been extended by agreement, and, during a conversation between attorneys shortly after the extended answer date, Nationwide's attorney stated he would be filing a motion to dismiss based on the agreement's mandatory forum-selection clause. Besch's attorney expressed his belief that Nationwide had waived the clause and consented to the Texas proceedings by obtaining the agreed extension to answer. Besch's attorney avers that after making this statement "there was a long pause on the other end of the phone," and the attorney did not thereafter pursue the matter.

After Nationwide changed attorneys, however, its new counsel sought to enforce the forum-selection clause by moving to dismiss the Texas litigation. Besch responded that Nationwide had waived the clause by its substantial participation in the Texas litigation coupled with the delay in asserting its rights. Besch also maintained that Nationwide's participation and delay was prejudicial because his contract claim, although viable in Texas, was now barred under Ohio law.

Ohio law permits contracting parties to agree to a limitations period shorter than the statutory period generally applicable to contract claims, so long as the agreed period is reasonable. *See* OHIO REV. CODE § 2305.06 (establishing the limitations period); *Sarmiento v. Grange Mut. Cas. Co.*, 106 Ohio St.3d 403, 835 N.E.2d 692, 696 (2005) (recognizing that parties may agree to shorter period). The parties' agreement provided for a limitations period of three years (which is shorter than Ohio's statutory period), and this period expired before Nationwide filed its motion to dis-

---

1. The defendants named in the suit included Nationwide Mutual Insurance Company, Nationwide Insurance Company of America, Nationwide Mutual Fire Insurance Company, Nationwide Life Insurance Company, Nationwide General Insurance Company, Nationwide Property and Casualty Insurance Company, and Ronni B. Poe.

miss in Texas. Besch's contract claim was thus subject to limitations in Ohio if the three-year period was reasonable.

When Besch raised these circumstances as a reason to deny Nationwide's motion, Nationwide promptly agreed to waive enforcement of the contractual-limitations clause. The trial court, however, rejected the waiver as "untimely" and denied the motion to dismiss.

Nationwide thereafter petitioned the court of appeals for mandamus relief, but the court summarily denied its petition. *See* No. 03–15–00169–CV, 2015 WL 1545930 (Tex.App.–Austin Apr. 3, 2015) (mem. op.). Nationwide now asks for mandamus relief in this Court.

## II

■■■ To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex.2012). Similarly, a trial court abuses its discretion when it fails to analyze or apply the law correctly. *In re Sw. Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex.2007). Nationwide submits that the trial court clearly abused its discretion by not dismissing the underlying suit because the forum-selection clause was mandatory and had not been waived.

■■■ Contractual forum-selection clauses are generally enforceable in Texas. *See In re AIU Ins. Co.*, 148 S.W.3d 109, 112 (Tex.2004). A trial court that refuses to enforce such an agreement abuses its discretion absent clear evidence that "(1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial." *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 231–32 (Tex. 2008) (per curiam) (citing *AIU Ins. Co.*, 148 S.W.3d at 112). Absent these circumstances, a trial court should enforce a mandatory forum-selection clause by granting a motion to dismiss, and we have repeatedly held that appeal is inadequate to remedy the erroneous denial of such a motion.[2] But like other contractual rights, a forum-selection clause may be waived, and it would ordinarily be "unreasonable or unjust" for a court to enforce a forum-selection clause after it has been waived. The question here is whether Nationwide's conduct in the Texas litigation waived the clause.

■■■ Generally, "waiver" consists of the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *See Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex.2003) (per curiam). In this instance, however, we have borrowed a different standard from the jurisprudence applicable to arbitration clauses, an analogous type of forum-selection clause. *See Automated Col-*

---

2. *See, e.g., In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 883 (Tex.2010) (per curiam); *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (per curiam); *In re ADM Inv'r Servs., Inc.*, 304 S.W.3d 371, 374 (Tex.2010); *In re Int'l Profit Assocs.*, 286 S.W.3d 921, 922 (Tex. 2009) (per curiam); *In re Int'l Profit Assocs.*, 274 S.W.3d 672, 675 (Tex. 2009) (per curiam); *In re AutoNation, Inc.*, 228 S.W.3d 663, 667–68 (Tex.2007); *In re Automated Collection Techs., Inc.*, 156 S.W.3d 557, 559 (Tex. 2004) (per curiam); *In re AIU Ins. Co.*, 148 S.W.3d at 114–15.

*lection Techs.*, 156 S.W.3d at 559 (citing *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex.1998)). That test embodies aspects of estoppel and provides: "A party waives a forum-selection clause by substantially invoking the judicial process to the other party's detriment or prejudice." *ADM Inv'r Servs.*, 304 S.W.3d at 374. Substantial invocation and resulting prejudice must both occur to waive the right. *Perry Homes v. Cull*, 258 S.W.3d 580, 593 (Tex.2008); *Automated Collection Techs.*, 156 S.W.3d at 559. Whether litigation conduct is "substantial" depends on context and is determined on a case-by-case basis from the totality of the circumstances. *Perry Homes*, 258 S.W.3d at 591–93.

The trial court concluded that Nationwide's conduct here was substantial. After reciting the details of Nationwide's participation in the Texas litigation and its delay in asserting its rights under the forum-selection clause, the court concluded that Besch could "suffer the ultimate prejudice" were the Texas litigation to be dismissed because Besch's contract claim was now barred in Ohio. The court accordingly denied the motion to dismiss, finding that Nationwide waived its right to enforce the forum-selection clause by substantially invoking the litigation process to Besch's prejudice.

### III

■ Nationwide maintains that in the context of this case its conduct in the trial court was neither substantial nor prejudicial and that the trial court's denial of its motion to dismiss was thus an abuse of discretion. But to be sure, Nationwide was active in the Texas litigation. The record reflects that Nationwide showed more initiative in the case than Besch.

Nationwide served answers and a counterclaim, filed special exceptions and two Rule 91a motions to dismiss specific claims, served written discovery, and obtained an agreed confidentiality and protective order. But the parties' interaction with the trial court was minimal. Although the court sustained Nationwide's special exceptions and signed the agreed protective order, it made no dispositive rulings even though Nationwide moved to dismiss some of Besch's causes of action as baseless. The court never heard these motions because Besch elected to amend his pleadings and voluntarily remove the objectionable claims rather than face the prospect of their formal dismissal. *See* TEX. R. CIV. P. 91a (providing for the dismissal of baseless causes of action and the award of costs and attorney's fees). In contrast to Nationwide, Besch's only apparent activity during this period was to agree to the protective order and amend his petition in response to Nationwide's special exceptions and Rule 91a motions.

■ Whether a party has substantially invoked the judicial process is a question of degree judged from the totality of the circumstances, *Perry Homes*, 258 S.W.3d at 591–93, and as already noted the trial court viewed Nationwide's activity in the case as sufficient invocation of the process. The court also found detriment or prejudice to Besch both in the time and expense of two years of litigation in Travis County and in Nationwide's delay in asserting its rights under the forum selection clause. But Besch concedes that the "time, effort, and funds" he expended in the Texas litigation are not the type of detriment "typically ... deemed [ ]sufficient by Texas courts to avoid a forum-selection clause," citing *Automated Collection Techs.*, 156 S.W.3d at 559–60. We agree. *See id.* at 560 ("PSC chose to initiate proceedings in a forum other than the one to which it contractually agreed and cannot complain about any

duplication of time or efforts that resulted from that choice."). Moreover, delay alone is generally insufficient to establish waiver. *In re Vesta Ins. Grp.*, 192 S.W.3d 759, 763 (Tex.2006). But the trial court found Nationwide's delay prejudicial because Nationwide's assertion of its right under the forum-selection clause came after the expiration of the contractual-limitations period.

Besch argues that this delay was part of Nationwide's litigation strategy, suggesting that Nationwide participated in the Texas litigation only long enough for the contract claim to become barred in Ohio. And, although Nationwide promptly agreed to waive limitations so that the contract claim could proceed in the proper forum, Besch discounts the concession as inconsequential because, under Besch's reading of *Perry Homes*, prejudice in this context does not require a showing of "irretrievable loss." *See Perry Homes*, 258 S.W.3d at 599 (observing that the dissenting opinions in the case erroneously defined "prejudice in a way that makes it impossible to prove" and imposed what appeared to be an "irretrievable-loss standard" rather than the "inherent-unfairness standard used by the federal courts").

Nationwide responds that Besch is responsible for any alleged detriment or prejudice because of his own litigation strategy—that of filing suit in Texas instead of the contractually required Ohio forum. Even so, Nationwide submits the alleged "prejudice" here has always been theoretical because of Nationwide's prompt agreement to relinquish its right to enforce the contractual limitations period. Finally, Nationwide submits Besch's discussion of "irretrievable loss" from *Perry Homes* is misguided because the prejudice there was real, not imagined or theoretical as in this case. *See id.* at 599–600.

Indeed, *Perry Homes* requires more than theoretical harm; it "requires a showing of prejudice." *Id.* at 595. The disagreement among the Court's members in *Perry Homes* concerned the degree of proof required to demonstrate such prejudice. *Id.* at 599. Nationwide submits that Besch has suffered no actual prejudice here because nothing prevents him from pursuing his contract claim in the agreed forum now that Nationwide has waived the contractual limitations period. We agree.

■ As we said in *Perry Homes*: "In cases of waiver by litigation conduct, the precise question is not so much when waiver occurs as when a party can no longer take it back." *Id.* at 595. Explaining further, we observed that the test for waiver in this context is "quite similar" to estoppel, "a defensive theory barring parties from asserting a claim or defense when their representations have induced 'action or forbearance of a definite and substantial character' and 'injustice can be avoided only by enforcement.'" *Id.* at 593 (quoting *Trammell Crow Co. No. 60 v. Harkinson*, 944 S.W.2d 631, 636 (Tex. 1997)). Applying that test for waiver here, we conclude that Besch never actually suffered the prejudice of which he complains. The assumed loss of his contract claim, once theoretical, does not exist because of Nationwide's voluntary waiver of the contractual-limitations period. The trial court accordingly abused its discretion in refusing to enforce the forum-selection clause on the basis of this alleged prejudice.

## IV

■ Besch also argues that he will be prejudiced if the forum-selection clause is enforced because his fraud claim is also barred by limitations in Ohio. Unlike his breach-of-contract claim, however, Besch had a reasonable opportunity to preserve this claim in Ohio. It did not become

barred until several months after Nationwide asserted its rights under the mandatory forum-selection clause.

At the hearing on Nationwide's dismissal motion, Nationwide not only waived its right to enforce the contractual-limitations clause but also pointed out that Ohio's four-year limitations period for tort claims had yet to expire based on the facts alleged in Besch's pleadings. Nationwide further suggested that based on his pleadings Besch's tort claims would become barred under Ohio law in about seven months, that is, in September 2015.

Having prevailed in the trial court, Besch elected not to refile his lawsuit in Ohio. Meanwhile, Nationwide pursued mandamus relief from the trial court's order, but the court of appeals denied its mandamus petition on April 3, 2015. That same month, Nationwide filed for mandamus relief in this Court. We indicated our interest in the matter, asking Besch to respond. Besch filed his response in July, and, a couple of months after that, Ohio's tort statute of limitations apparently expired. None of the briefing, however, mentioned the impending fraud limitations issue as a basis of prejudice in the underlying case. In fact, the issue was not raised until oral argument, at which time Nationwide candidly advised the Court that, although it had waived contractual limitations in Ohio, it had not also waived its rights under Ohio's tort statute of limitations.

Following oral argument, Besch filed a post-submission brief in which he asserted for the first time that he had "suffered prejudice (through the loss of his fraud claim) as a result of Nationwide's litigation strategy of lying behind the log." He contended further that Nationwide used the Texas lawsuit and mandamus proceedings "to gain an unfair tactical advantage by purporting to remove one aspect of Mr.

Besch's prejudice with one hand (contractual limitations) and stealthily maneuvering to maintain a different type of prejudice with the other (statutory limitations)."

Nationwide also filed a post-submission brief, responding that it had not been lying behind any logs. Instead, Nationwide noted that it had advised the trial court and Besch's counsel at the February hearing that Besch's tort claims needed to be filed in Ohio before the expiration of the state's four-year tort statute of limitations in September. Nationwide also agreed to waive the contractual-limitations period at that hearing to allay concern that it had purposefully delayed enforcement of the forum-selection clause for its own advantage. But Nationwide submits that its delay created no similar advantage as to Besch's fraud claim. Because Nationwide plainly put Besch on notice that he still had to deal with the upcoming expiration of Ohio's tort statute of limitations, Nationwide concludes that it bears no responsibility for this potential prejudice.

■ The trial court's order did not mention statutory limitations as a basis for prejudice, relying instead on the contractual-limitations period. Because statutory limitations was neither a basis for the trial court's order nor an obstacle to Besch's fraud claim in Ohio at the time, we question its relevance to these proceedings. *See Univ. of Tex. v. Morris*, 162 Tex. 60, 344 S.W.2d 426, 429 (1961) (noting that an abuse of discretion is generally determined from the record and circumstances existing at the time of the trial court's decision). But even assuming relevance, Nationwide's pursuit of mandamus relief, like its motion to dismiss in the first place, does not evidence an intent to waive the forum-selection clause but rather the opposite. A party has a legal right to pursue relief based on the existence of a mandatory forum-selection clause and waiver of the

underlying contractual right must be premised on something other than its assertion. In short, Nationwide has not substantially invoked the judicial process to Besch's prejudice merely by pursuing mandamus relief in this Court. *Cf. G.T. Leach Builders, LLC v. Sapphire V.P., LP,* 458 S.W.3d 502, 513 (Tex.2015) ("A party's litigation conduct aimed at defending itself and minimizing its litigation expenses, rather than at taking advantage of the judicial forum, does not amount to substantial invocation of the judicial process.").

## V

The dissent argues that Nationwide's delay in asserting its contractual forum-selection rights in this case potentially prejudices Besch's contract claim because there is no proof that Nationwide will honor its waiver of the contractual-limitations clause. *Post* at 721 (Guzman, J., dissenting). Nationwide expressly waived the agreement's limitations clause at the trial court hearing, repeated its waiver in briefing to this Court, and reiterated the waiver during oral argument. The trial court's order acknowledged the waiver, and did not find it invalid, but rather dismissed it as "untimely." Nationwide submits its contractual-limitations waiver was timely because Besch's assertion of prejudice was not raised until the day before the dismissal-motion hearing.

The dissent maintains that Nationwide should have done more than merely waive its rights and that the situation here is somewhat analogous to a forum-non-conveniens motion under section 71.051 of the Civil Practice and Remedies Code. *Post* at 720. Under that statute, a court may set terms and conditions for staying or dismissing a claim or action in favor of a more convenient forum and provide for the case's reinstatement should the moving

party violate the terms and conditions. *See* TEX. CIV. PRAC. & REM. CODE § 71.051(c). The issue of a "seriously inconvenient" forum, however, goes to the validity of the forum-selection clause itself. *AIU Ins. Co.,* 148 S.W.3d at 112. That issue was not raised in the trial court, but that is not to say the trial court lacked authority to set the terms and conditions necessary to avoid prejudice—only that this was not the trial court's apparent concern. The court declined to accept Nationwide's waiver of contractual limitations not because it was invalid or unenforceable but because it was "untimely." No basis exists to conclude, however, that the timing of Nationwide's waiver caused Besch any prejudice.

The dissent also argues that Nationwide has gained an unfair advantage because limitations ran on Besch's fraud claim several months after the trial court's order denying the motion to dismiss. *Post* at 721. The dissent further criticizes the Court for placing undue weight on the fact that this unfair advantage or prejudice did not exist when the trial court denied Nationwide's dismissal motion, asserting that the Court's approach ignores *Perry Home*'s totality-of-the-circumstances test, which the dissent suggests should include future circumstances, not merely those existing at the time of the trial court's decision. *Post* at 722. The dissent, however, fails to explain how Nationwide's conduct or the totality of the circumstances caused the loss of Besch's fraud claim in Ohio. Certainly, Besch did not demonstrate that enforcement of the forum-selection clause would result in such prejudice in the trial court, and the dissent merely suggests that Nationwide's delay in asserting its forum-selection rights induced Besch not to file suit in Ohio.

To be clear, Besch did not assert the potential loss of his fraud claim as a basis to deny Nationwide's dismissal mo-

tion, and the trial court's order does not mention this future prejudice as a basis for denying Nationwide's motion. But even had Besch raised the matter, it would not have demonstrated the existence of prejudice or an unfair advantage. The alleged prejudice would only have been that Nationwide's delay left Besch a mere seven months in which to file his fraud claim in Ohio before limitations expired. The standard for waiver of a contractual forum-selection clause, however, incorporates aspects of estoppel and "requires a showing of [actual] prejudice." *Perry Homes*, 258 S.W.3d at 595. Thus, even assuming Nationwide's conduct substantially invoked the judicial process, no evidence exists tying that conduct to any existing prejudice or unfair advantage at the time of the trial court's ruling.

\* \* \*

For the foregoing reasons, we conditionally grant the petition for writ of mandamus and direct the trial court to enforce the parties' forum-selection clause. We are confident the trial court will comply and vacate its order denying Nationwide's motion to dismiss. The writ will issue only if it does not.

Justice Guzman filed a dissenting opinion, in which Justice Brown joined.

Justice Guzman, joined by Justice · Brown, dissenting.

Although the defendant slept on its contractual forum-selection rights for more than two years, it is no Rip Van Winkle. To the contrary, during that time, the defendant took the lead in driving the litigation, pressing this case forward until a contractual limitations period expired as to one claim and the statute of limitations on another was substantially consumed. Only then did the defendant assert its right to litigate in another forum, after having consciously abandoned that course of action at the lawsuit's inception. In declining to enforce the forum-selection clause, the trial court observed that "the passage of time is not inconsequential in this case" because the plaintiff could "suffer the ultimate prejudice" of losing a claim to limitations if the case were dismissed. During the pendency of this mandamus proceeding, the statute of limitations expired as to another claim, precluding refiling the claim in the designated forum if the forum-selection clause is enforced.

Under our precedent, substantially invoking the judicial process to an opponent's detriment or · prejudice constitutes waiver of the right to enforce a forum-selection clause. I would hold the defendant substantially invoked the judicial process, the plaintiff has been prejudiced by the expiration of limitations, and the defendant failed to prove prejudice has been cured. I thus conclude the trial court did not abuse its discretion by declining to enforce the forum-selection provision. Because the Court holds otherwise, I respectfully dissent.

## I.

On December 26, 2012, Brian Besch sued Nationwide Insurance Company in Travis County, Texas, asserting contract, fraud, and disparagement claims. Although Besch's suit arises from a contract that includes a forum-selection clause designating an Ohio forum, Nationwide waited more than two years after Besch filed suit to seek enforcement of the forum-selection clause. During the period preceding its January 2015 motion to dismiss, Nationwide engaged in consequential pretrial conduct, including:

- filing an answer, a counterclaim, special exceptions, and a Rule 91a par-

tial motion to dismiss on April 29, 2013;

- stating an intention to file a motion to dismiss based on the forum-selection clause in a discussion with Besch's counsel around April 29, 2013, and responding with silence when Besch's counsel expressed the belief that the forum-selection clause had been waived;
- filing five pro hac vice motions on May 24, 2013;
- attending a hearing on its special exceptions on June 24, 2013;
- filing a Rule 91a motion to dismiss or, alternatively, a traditional motion for summary judgment on one of Besch's claims on July 31, 2013;
- amending its answer and counterclaim on August 5, 2013;
- requesting a joint confidentiality and protective order on December 17, 2013; and
- filing a motion for substitution of counsel and two additional pro hac vice motions in July 2014.

Nationwide also initiated substantial discovery into the merits of the case, including requests for disclosure, 46 interrogatories, 70 requests for production, and 66 requests for admission.

## II.

Although a strong presumption against waiver of a forum-selection clause exists,[1] "[a] party waives a forum-selection clause by substantially invoking the judicial pro-

cess to the other party's detriment or prejudice." [2] A party can waive its right to enforce a forum-selection clause through its unequivocal conduct, "[b]ut merely participating in litigation does not categorically mean the party has invoked the judicial process so as to waive enforcement." [3]

In determining whether a party has merely participated in litigation or has substantially invoked the judicial process, courts apply "a totality-of-the-circumstances test on a case-by-case basis." [4] A totality-of-the-circumstances test necessarily implies that a multitude of factors must be considered and evidence must be carefully weighed.[5] We have articulated several factors to be considered, "such as:

- when the movant knew of the [forum-selection] clause;
- how much discovery has been conducted;
- who initiated it;
- whether it related to the merits ...;
- how much of it would be useful in [another forum]; and
- whether the movant sought judgment on the merits." [6]

In this case, the trial court thoroughly considered these factors and ultimately concluded Nationwide intentionally and knowingly waived its right to enforce the forum-selection clause. Mandamus relief is only appropriate if the trial court abused its discretion.[7]

1. *Perry Homes v. Cull,* 258 S.W.3d 580, 590 (Tex.2008); *see also In re Automated Collection Techs., Inc.,* 156 S.W.3d 557, 559 (Tex. 2004) (recognizing cases involving waiver in the arbitration context are analogous to waiver in the forum-selection-clause context).

2. *In re ADM Inv'r Servs., Inc.,* 304 S.W.3d 371, 374 (Tex.2010).

3. *Id.* at 374.

4. *Perry Homes,* 258 S.W.3d at 590.

5. *Id.* at 598.

6. *Id.* at 591–92.

7. *In re J.B. Hunt Transport, Inc.,* 492 S.W.3d 287, 292 (Tex.2016).

Abuse of discretion is a deferential standard of review; a court abuses its discretion when it acts without reference to guiding rules and principles.[8] In *Perry Homes v. Cull,* we acknowledged that applying the abuse-of-discretion standard in the context of a totality-of-the-circumstances test, which "presumes a multitude of potential factors and a balancing of evidence on either side," is decidedly different than applying the standard in other contexts where courts are guided by detailed rules.[9] We recognized the need for flexibility, because "if appellate courts must affirm every time there is some factor that was not negated or some evidence on either side, then no ruling based on the totality-of-the-circumstances could ever be reversed" and that would be the equivalent of "no review at all."[10] Similarly, review should not be conditioned on establishing each and every factor that weighs in favor of waiver. While proving waiver is onerous, it ought not be impossible. As such, appellate courts must employ a flexible standard in reviewing determinations of waiver, allowing trial courts the opportunity to utilize the intentionally-fluid guidelines we have imposed.

Under a proper abuse-of-discretion review, waiver is a question of law for the court, but we must defer to a trial court's fact findings that are supported by evidence, such as whether a party conducted extensive merits discovery or delayed efforts to enforce a forum-selection clause.[11] Applying the applicable standard of review, I conclude Nationwide substantially invoked the judicial process. First, the discussion between the parties' counsel in April 2013 reveals Nationwide knew about the existence of the forum-selection clause at the outset of the litigation and, for unknown reasons, chose not to pursue enforcement of the clause at that time.[12] Rather than seeking enforcement, Nationwide initiated a substantial amount of discovery.[13] Importantly, the discovery went to the heart of the case.[14] Nationwide's subsequent agreement to reuse the discovery if Besch filed suit in Ohio is insufficient to negate the effect of its discovery-related conduct.[15]

Furthermore, Nationwide filed two 91a motions in the trial court, seeking disposition of Besch's various claims on the merits.[16] That Besch elected to amend his pleadings after these motions is of no moment in assessing whether Nationwide substantially invoked the judicial process because that inquiry hinges on Nationwide's actions, not Besch's.[17]

But substantial invocation standing alone is insufficient to waive a forum-selection clause; rather, invocation of the judicial process must be "to the other party's

8. *Cire v. Cummings,* 134 S.W.3d 835, 838–39 (Tex.2004).

9. 258 S.W.3d at 598.

10. *Id.*

11. *See id.* at 599.

12. *See id.* at 591 (timing of a movant's knowledge regarding the forum-selection clause is relevant).

13. *See id.* at 592 (noting the importance of who initiated the discovery and how much discovery is conducted).

14. *See id.* (recognizing the significance of conducting discovery on the merits).

15. *See id.* (noting the usefulness of prior discovery is one consideration).

16. *See id.* (acknowledging the movant's efforts to seek judgment on the merits is significant).

17. *See id.* at 589–93 (focusing on whether the movant's actions show substantial invocation of the judicial process).

detriment or prejudice."[18] Because we have defined "prejudice" differently in myriad contexts, we clarified in *Perry Homes* that in the waiver context, prejudice refers "to inherent unfairness—that is, a party's attempt to have it both ways" to gain an unfair tactical advantage.[19] For example, when a party "enjoys substantial direct benefits by gaining an advantage in the pretrial litigation process," the party can be barred from subsequently seeking to enforce a forum-selection clause.[20] Like the theory of estoppel, a party is prejudiced when a movant's conduct induces it to take or forgo an action of "definite and substantial character."[21] A showing of delay or expended resources alone will not establish prejudice.[22]

Nationwide's attempt to enforce the forum-selection clause at the eleventh-hour, however, resulted in more than mere delay and more than an investment of time and resources. During the two-year period in which Nationwide initiated discovery, filed dispositive motions, and declined to invoke the forum-selection clause, the contractual limitations period on Besch's breach-of-contract claim expired, thus preventing Besch from asserting that claim in another forum.

Losing a cause of action to a limitations defense is undeniably prejudicial.[23] Although Besch's contract claim was time barred at the time of the dismissal hearing, the Court nonetheless concludes prejudice is lacking because Nationwide's counsel promised, on the record, not to invoke its contractual limitations defense if the case is dismissed and refiled in Ohio.[24] Cure, however, is an affirmative defense.[25] Consequently, Nationwide bore the burden of establishing (1) its proffered cure—a promise of forbearance—would be enforceable if Besch files suit in Ohio and (2) Besch would have an effective remedy if Nationwide goes back on its word.[26] Nationwide has not met this burden.

18. *In re ADM Inv'r Servs., Inc.*, 304 S.W.3d 374; *see also, e.g., In re Automated Collection Techs., Inc.*, 156 S.W.3d at 559 (discussing an analogous arbitration-waiver case holding substantial invocation without prejudice was insufficient to establish waiver).

19. 258 S.W.3d at 597.

20. *Id.* at 593.

21. *Id.* (quoting *Trammel Crow Co. No. 60 v. Harkinson*, 944 S.W.2d 631, 636 (Tex.1997)).

22. *See In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 763 (Tex.2006) ("Delay alone generally does not establish waiver."); *In re Automated Collection Techs., Inc.*, 156 S.W.3d at 559–60 (prejudice not established by evidence that time and resources were spent during four months of litigation). *But cf. G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 512 (Tex.2015) (considering "the amount of time and expense the parties have committed to the litigation" as a factor in evaluating substantial invocation).

23. *See Perry Homes*, 258 S.W.3d at 597 (observing that prejudice includes manipulation of litigation that damages a party's legal position).

24. *Ante* at 714.

25. *See Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155 (Tex.2015) (observing that an affirmative defense is one that involves facts and arguments that will defeat a claim even if the allegations are true); *cf. Ramsey v. Gen. Motors Corp.*, 685 S.W.2d 15, 16 (Tex. 1985) (defense of cure under the Deceptive Trade Practices Act is an affirmative defense that the defendant must plead and prove).

26. *Cf.* TEX. CIV. PRAC. & REM. CODE § 71.051 (allowing the trial court to set the terms and conditions for staying or dismissing a claim or action under the doctrine of *forum non conveniens* and providing as a remedy for noncompliance with such terms or conditions that the court "shall withdraw the order staying or dismissing the claim or action and proceed as if the order had never been issued").

The Court gives short shrift to the efficacy of Nationwide's purported cure, simply concluding prejudice "does not exist because of Nationwide's voluntary waiver of the contractual-limitations period."[27] The Court does not explain how prejudice is cured on counsel's mere say so. Perhaps an enforceable waiver of a contractual limitations clause could be accomplished in such a manner, but would the same hold true for a statute-of-limitations defense or a statute of repose? By bypassing any substantive discussion of the matter, we are left with the disquieting precedent that there need not be proof of cure, only an offer of one. While a defendant in Nationwide's position might bear a stiff burden in establishing prejudice has actually been cured, those are the consequences of slumbering on one's contractual rights. Merely offering to forfeit a tactical advantage gained due to the passage of time does not, in and of itself, establish an effective cure to prejudice. I therefore do not agree with the Court that Nationwide cured the prejudice arising from the expiration of limitations on Besch's contract claim.

While the mandamus petition was pending, the statutory limitations period on Besch's fraud claim also expired. Unlike the contractual limitations period on the contract claim, however, Nationwide has not agreed to waive the statute of limitations for the fraud claim. The Court expresses doubt that prejudice stemming from limitations on the fraud claim is relevant, because limitations had not yet run at the time of the dismissal hearing and was not an explicit basis for the trial court's order.[28] Although limitations as to

the fraud claim was not an express basis for the trial court's order, the trial court's finding of prejudice—that dismissal would result in "significant, if not irreparable, harm" to Besch—was not limited to the expiration of limitations on the contract claim. Moreover, the looming limitations bar was before the trial court at the dismissal hearing. Only after "review[ing] ... the arguments of [ ] Counsel," including Nationwide's discussion of the fraud claim's limitations period, did the Court conclude that Nationwide's motion should be denied. Accordingly, prejudice stemming from the expiration of the statutory limitations period is encompassed in the record and was considered by the trial court, making it relevant to the abuse-of-discretion analysis here.[29]

Even after assuming relevance, the Court concludes that Besch is not prejudiced by Nationwide's conduct because Nationwide has "a legal right" to pursue enforcement of its forum-selection clause via petition for writ of mandamus.[30] In so holding, the Court improperly changes the focus of the analysis to whether a party has a right to take action. Invariably, parties have the right to defend themselves and seek relief due to them, but that does not preclude a party from waiving a forum-selection clause through substantial invocation.[31]

Placing undue weight on Nationwide's right to pursue mandamus relief, the Court ignores the surrounding circumstances. Because prejudice is determined by looking to the circumstances as a whole, the Court's approach essentially jettisons

27. *Ante* at 714–15.

28. *Id.* at 715–16.

29. *See Univ. of Tex. v. Morris,* 162 Tex. 60, 344 S.W.2d 426, 429 (1961) (explaining the Court considers the record before the trial

court in assessing the correctness of the trial court's order).

30. *Ante* at 715–16.

31. *See In re ADM Inv'r Servs., Inc.,* 304 S.W.3d at 374.

the totality-of-the-circumstances evaluation endorsed in *Perry Homes*.[32] The existence of prejudice must be determined by evaluating whether Nationwide's conduct, considered in its totality, was tactically advantageous to Nationwide and inherently unfair to Besch by inducing him to either act or forgo action of "a definite and substantial character."[33]

Applying the proper totality-of-the-circumstances test, Nationwide substantially invoked the judicial process to Besch's detriment or prejudice.[34] By unduly deferring efforts to enforce the forum-selection clause following the April 2013 discussion with Besch's counsel and subsequently initiating extensive discovery, Nationwide's counsel implied forbearance of the right to litigate in Ohio, and Besch's counsel justifiably relied on that forbearance. Nationwide's later change of course does not obviate the effects of its initial, tacit agreement to forego reliance on the forum-selection clause. Nor is it significant that Besch chose to hold Nationwide to this accord and elected not to refile in Ohio, because the waiver inquiry focuses on the actions of the movant, not its opponent.[35]

In sum, Nationwide's conduct induced Besch to rely on his Texas filings to his detriment, because the expiration of the limitations period eliminated Besch's ability to assert his fraud claim in Ohio. If the forum-selection clause is enforced, Besch loses his fraud claim, which is certainly advantageous to Nationwide and detrimental to Besch.

Even ignoring the time and resources Besch invested in the Texas litigation, the loss of his claims establishes he was prejudiced by Nationwide's substantial invocation of the judicial process. I thus do not agree that the trial court abused its discretion by refusing to enforce the forum-selection clause. Rather, recognizing the malleable standard of both assessing waiver and reviewing it, I conclude the trial court properly exercised its discretion by acting in accordance with the principles we articulated in *Perry Homes*.

Because Nationwide substantially invoked the judicial process in such a way that prejudiced Besch, I would deny mandamus relief.

---

**32.** *Compare ante* at 716 ("In short, Nationwide has not substantially invoked the judicial process to Besch's prejudice merely by pursuing mandamus relief in this Court."), *with Perry Homes*, 258 S.W.3d at 591 ("[W]aiver must be decided on a case-by-case basis, and [] courts should look to the totality of the circumstances.").

**33.** *See Perry Homes*, 258 S.W.3d at 593 (quoting *Harkinson*, 944 S.W.2d at 636).

**34.** *See In re ADM Inv'r Servs., Inc.*, 304 S.W.3d at 374.

**35.** *See ante* at 714 (noting that "Besch had a reasonable opportunity to preserve [his fraud] claim").